UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RICHARD ELESON, | ) Case No.: 1:17-cv-01193-JLT (HC) |
| Petitioner, | ) ORDER TO ASSIGN DISTRICT JUDGE TO CASE |
| v. | ) FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| JOE A. LIZARRAGA, Warden, et al., | ) [TWENTY-ONE DAY OBJECTION DEADLINE] |
| Respondents. | ) |

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation serving a sentence of 85 years-to-life for his conviction in Tuolumne County of committing lewd and lascivious acts on a child under the age of 14 years. In this petition, he challenges a state court decision denying his petition for modification of his sentence under California's Proposition 57. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

I.  **PROCEDURAL BACKGROUND**

In 1995, Petitioner was convicted of lewd and lascivious acts on a child under the age of 14 years (Cal. Penal Code § 288(a)), with two prior convictions. (Doc. 1 at 2, 27.) He was sentenced to a total indeterminate term of 85 years-to-life. See Eleson v. Lizarraga, Case No. 1:15-cv-00008-LJO-

SAB-HC.[1]  After the enactment of California's Proposition 57, Petitioner filed a petition for writ of habeas corpus in the Tuolumne County Superior Court alleging he is entitled to release because his convictions under California Penal Code § 288(a) are not violent felonies within the meaning of 18 U.S.C. § 924(c)(2)(B).  (Doc. 1 at 27.)  On March 10, 2017, the superior court denied the petition, finding that § 924(c)(2)(B) was a federal statute that was inapplicable, and further finding that his conviction qualified as a violent felony under California Penal Code § 667.5(c)(6).  (Doc. 1 at 28.) Petitioner then filed a habeas petition in the California Court of Appeal, Fifth Appellate District ("Fifth DCA").  On May 26, 2017, the Fifth DCA summarily denied the petition.  (Doc. 1 at 31.) Petitioner filed a habeas petition in the California Supreme Court, and the petition was summarily denied on August 9, 2017.  (Doc. 1 at 47.)  He filed this federal petition on September 5, 2017.  (Doc. 1.)

**II.  DISCUSSION**

    A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

    B.    <u>Failure to State a Cognizable Federal Claim</u>

Petitioner challenges the state court decision denying his petition for modification of his sentence.  He claims California's recently enacted Proposition 57 changed the sentencing law such that his conviction under Cal. Penal Code § 288(a) did not qualify as a violent felony.  He also claims that 18 U.S.C. § 924(e)(2)(B) does not include his crimes in its definition of "violent felony."  As discussed below, Petitioner is not entitled to federal habeas relief.

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993).

2

Federal collateral review of a state criminal conviction is limited to determining whether a petitioner's federal constitutional or other federal rights have been violated and does not extend to review of a state's application of its own laws. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990); Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (recognizing that a state sentencing procedure is a matter of state criminal procedure and is not within the purview of federal habeas corpus). Federal courts must defer to the state courts' interpretation of state sentencing laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993). Absent a showing of fundamental unfairness, a state court's application or misapplication of its own sentencing laws does not generally justify federal habeas relief. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994). "So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern." Makal v. Arizona, 544 F.2d 1030, 1035 (9th Cir.1976).

In rejecting Petitioner's claims, the state court noted that Proposition 57, by its terms, applies only to "nonviolent" felony offenses. (Doc. 1 at 28.) The court noted that a violation of Cal. Penal Code § 288(a) is a violent felony under California law as defined by Cal. Penal Code § 667.5(c)(6). (Doc. 1 at 28.) Therefore, Petitioner was convicted of a violent felony rendering Proposition 57 inapplicable to his case. The state court's determination that California's Proposition 57 is inapplicable to Petitioner's case is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). As to Petitioner's citation to the federal definition of violent felony in 18 U.S.C. § 924(c)(2)(B), the state court correctly noted that Petitioner was found guilty of a state offense in a state court; therefore, the federal definition is of no consequence.

In light of the foregoing, Petitioner's complaints are entirely matters of California state law, and Petitioner is not entitled to federal habeas relief. The Court should dismiss the petition.

**III.    ORDER**

The Clerk of Court is **DIRECTED** to assign a District Judge to the case.

## IV. RECOMMENDATION

The Court RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 7, 2017**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE